IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WHITNEY OTTLEY,<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN JAMES CORRY, an individual; KANOSH TOWN, UTAH, a Municipal Corporation and Political Subdivision of the State of Utah; and DOES 1-5,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING KANOSH TOWN'S MOTION TO DISMISS**<br><br>Case No. 4:19-cv-87-DN-PK<br><br>District Judge David Nuffer |

Austin James Corry was an assistant fire chief for Kanosh Town (Kanosh). Plaintiff Whitney Ottley alleges he sexually assaulted her. The sole claim against Kanosh Town (Kanosh) alleges Kanosh was negligent, under state law, in hiring, supervising, and/or retaining Corry. Kanosh has filed a motion to dismiss ("Motion")[1] based on lack of jurisdiction and governmental immunity. Because Kanosh is immune from suit, the Motion is GRANTED and Ottley's claim against Kanosh is DISMISSED.

## BACKGROUND[2]

1.  At all times relevant to the Complaint, Ottley was a resident of Fillmore, Utah and ran a small business selling baked goods.[3]

---

[1] Kanosh Town's Motion to Dismiss, docket no. 14, filed November 25, 2019; Plaintiff's Opposition to Defendant Kanosh Town's Motion to Dismiss ("Opposition"), docket no. 16, filed December 23, 2019; Reply Memorandum Supporting Kanosh Town's Motion to Dismiss, docket no. 19, filed January 2, 2020. Oral argument was requested but is deemed unnecessary. The Motion will be decided on the briefing pursuant to DUCivR 7-1(f).

[2] The facts set forth below are drawn largely verbatim from the allegations of the Complaint, which are accepted as true for purposes of deciding the Motion.

[3] Complaint ¶ 10, docket no. 2, filed October 22, 2019.

2. In November 2016, Defendant Corry was employed as the Assistant Fire Chief of the Kanosh Fire Department.[4]

3. At that time, Austin Corry's father, Scott Corry, was the Fire Chief with direct supervisory authority over Austin Corry.[5] Scott Corry was also employed by the Millard County Sheriff's office as a Sergeant and, in that capacity, was tasked with conducting any criminal investigations involving the Fire Department.[6]

4. In November 2016, Assistant Fire Chief Corry placed an order with Ottley for baked goods. He then lured her to the Fire Department under false pretenses (by claiming that he could not pick up the baked goods he had ordered but required them to be delivered to him).[7]

5. Assistant Fire Chief Corry then invited Ottley into the building. After she had entered, he locked the door behind her and proceeded to physically overpower and rape her.[8]

6. At the time of Ottley's rape, Kanosh knew or should have known about Austin Corry's propensity for violence against women and for his deviant sexual nature given his history of sexual assaults against a subordinate employee of the Fire Department.[9]

7. 28 months after the incident, on March 30, 2019, Ottley delivered a notice of claim to Kanosh based on the November 2016 incident.[10] Seven months later she filed a complaint asserting a claim against Kanosh for negligent hiring, supervision, and/or retention.[11]

---

[4] *Id*. ¶ 11.

[5] *Id*. ¶ 12.

[6] *Id*. ¶ 13.

[7] *Id*. at 1-2 & ¶ 14.

[8] *Id*. ¶¶ 15-24.

[9] *Id*. ¶ 28.

[10] Motion, Exhibit 1 (Declaration of Mayor Frank Paxton) ¶ 5, docket no. 14-1, filed November 25, 2019; Motion, Exhibit 2 (Notice of Claim), docket no. 14-2, filed November 25, 2019.

[11] Complaint, *supra* note 3, ¶¶ 73-83.

She alleges Kanosh breached its "duty to protect [her] from harm at the hands of its employees, including Assistant Fire Chief Corry."[12] She states, "[a]s a direct and foreseeable consequence of Kanosh's negligence in hiring, failing to supervise, and retaining Assistant Fire Chief Corry, [she] suffered the injuries described above,"[13] which include a physical sexual assault and rape, related psychological and emotional distress, lost wages, and medical expenses.[14] Ottley seeks compensatory and punitive damages from Kanosh, as well as certain injunctive relief.[15]

## STANDARD OF REVIEW

Defendant seeks dismissal of Ottley's claim under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.[16] In order to withstand a motion to dismiss under *Bell Atlantic Corp. v. Twombly*,[17] and *Ashcroft v. Iqbal*,[18] a plaintiff must allege enough facts, "taken as true, to state a claim to relief that is plausible on its face."[19] A plaintiff must "offer specific factual allegations to support each claim."[20] While the court must "accept as true all of the allegations contained in a complaint," this requirement is "inapplicable to legal conclusions."[21] The determination of plausibility will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[22] Therefore, "in ruling on a motion to dismiss, a court

---

[12] *Id*. ¶¶ 74-75.

[13] *Id*. ¶ 76.

[14] *Id*. ¶¶ 19-25, 44.

[15] *Id*. at 16-17.

[16] Motion, *supra* note 1, at 1.

[17] 550 U.S. 544 (2007).

[18] 556 U.S. 662 (2009).

[19] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).

[20] *Id*.

[21] *Id.* (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

[22] *Id.* (quoting *Iqbal*, 556 U.S. at 679) (internal quotation marks omitted).

should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."[23]

## DISCUSSION

Ottley asserts that she suffered rape and other related injuries as a direct and foreseeable consequence of Kanosh's negligence in hiring, failing to supervise, and retaining Assistant Fire Chief Corry.[24] Kanosh argues that Ottley's claim should be dismissed because (1) the court lacks jurisdiction due to Ottley's failure to comply with the one-year notice of claim requirement set by the Governmental Immunity Act of Utah (GIA),[25] and because (2) Kanosh is immune from Ottley's claim.[26] Additionally, Kanosh maintains that (3) Ottley cannot recover some of the relief she seeks even if Kanosh is not immune.[27]

Because Kanosh is immune even if Ottley's notice of claim was timely, only Kanosh's second argument is addressed here. A determination of governmental immunity under the GIA requires a three-step analysis. First, the court determines "whether the activity undertaken is a governmental function."[28] Second, the court considers "whether governmental immunity was waived for the particular activity."[29] "Finally, [the court] look[s] to see whether immunity has been reinstated through a statutory exception to the immunity waiver."[30]

---

[23] *Id*.

[24] Complaint, *supra* note 3, ¶ 76.

[25] Utah Code §§ 63G-7-101, et seq.; Motion, *supra* note 1, at 3-4.

[26] Motion, *supra* note 1, at 5-7.

[27] *Id*. at 8-9.

[28] *Larsen v. Davis Cnty. Sch. Dist.*, 409 P.3d 114, 117 (Utah Ct. App. 2017) (citation and internal quotation marks omitted).

[29] *Id.* (citation and internal quotation marks omitted).

[30] *Id.* (citation and internal quotation marks omitted).

Regarding the first step here, the parties agree that the operation of a fire department (which would include hiring and supervising Austin Corry as the Assistant Fire Chief) constitutes a governmental function to which immunity applies.[31] Second, they also agree that immunity is waived for an injury caused by a government employee's negligence committed in the scope of employment.[32]

The only question is whether a statutory exception to the negligence waiver applies here. Section 63G-7-201(4)(b) provides:

> A governmental entity, its officers, and its employees are immune from suit, and immunity is not waived, for any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment, if the injury arises out of or in connection with, or results from . . . assault, battery, false imprisonment . . . [or] infliction of mental anguish.[33]

As Kanosh points out, *Larsen v. Davis County School District* addressed this provision in the context of a former student's claims against a school district for alleged negligence in hiring, supervising, and retaining a teacher alleged to have engaged in sexual misconduct with the student.[34] *Larsen* makes it clear that the critical question is "whether an immunity-invoking condition (e.g., assault or battery) is at least 'a proximate cause' of the claimed injury."[35] "[I]f

---

[31] Motion, *supra* note 1, at 5; Opposition, *supra* note 1, at 13; Utah Code Ann. § 63G-7-201(1) (generally providing governmental entities and employees with immunity "from suit for any injury that results from the exercise of a governmental function"); *id*. § 63G-7-102(5)(a) (broadly defining "governmental function"); *Lehi City v. Meiling*, 48 P.2d 530, 545 (Utah 1935) (Wolfe, J., concurring) ("The function which a municipality exercised for the protection of property and persons within its confines—police and fire protection—were perhaps most fundamentally governmental.").

[32] Motion, *supra* note 1, at 5-6; Opposition, *supra* note 1, at 13-14; Utah Code Ann. § 63G-7-301(2)(i) (generally waiving immunity "as to any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment").

[33] Utah Code Ann. § 63G-7-201(4)(b).

[34] 409 P.3d at 116-22.

[35] *Id*. at 122.

that question must be answered in the affirmative, the [governmental entity] is immune from suit."[36]

For essentially the same reasons given in *Larsen*, that question must be answered in the affirmative here. That is, "under any principled reading of [Ottley's] complaint, [Austin Corry's] physical contact with [Ottley] was indeed a proximate cause of [Ottley's] injuries."[37] Austin Corry's "inappropriate sexual contact with [Ottley] is inextricably intertwined with [Ottley's] cause of action [against Kanosh]."[38] Ottley "alleges only one set of damages: that all of the conduct described in the complaint caused [her] to incur 'medical expenses' as well as ['psychological and emotional distress, mental anguish, [and] lost wages']."[39] Further, "[t]he relationship described in the complaint between [Austin Corry's] inappropriate sexual contact with [Ottley] and [Ottley's] injuries is more than just a 'but-for' causal link."[40] Instead, "[Austin Corry's] contact is a proximate cause of [Ottley's] injury: a cause which, in a natural and continuous sequence, unbroken by any new cause, produced the injury, and without which the injury would not have occurred."[41]

Under the GIA, as applied in *Larsen* and explained above, Kanosh is immune from suit because Austin Corry's misconduct (including his assault, battery, false imprisonment, and infliction of mental anguish on Ottley) was a proximate cause of Ottley's claimed injury.[42]

---

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*; Complaint, *supra* note 3, ¶¶ 44, 76.

[40] 409 P.3d at 122.

[41] *Id.* (citations and internal quotation marks omitted).

[42] *Id.* at 120 ("[A]s long as the governmental entity can demonstrate that an immunity-invoking condition is 'a proximate cause' of the plaintiff's injuries, it is immune from suit, regardless of whether there exist other non-immune causes of the plaintiff's injuries.") (citation omitted).

6

Because of this, Ottley fails to state a claim against Kanosh on which relief may be granted as a matter of law.[43]

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Kanosh Town's Motion to Dismiss[44] is GRANTED. Ottley's claim for Negligent Hiring, Supervision, and/or Retention is DISMISSED with prejudice.

Signed April 22, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[43] Based on this determination, it is unnecessary to address the parties' other arguments.

[44] Docket no. 14, filed November 25, 2019.